PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ARÍSTEDES DELGADO, Defendant and Appellant.

No. 4765. Argued November 25, 1932.—Decided November 30, 1932.

*F. Cervoni Gely* for appellant. *R. A. Gómez, Fiscal,* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

In the District Court of Humacao Arístides Delgado was convicted of manslaughter and sentenced to ten years in the penitentiary at hard labor. He was charged with having killed Manuela Millán with a cutlass (*machete*).

The defendant presented a motion for a new trial, which was overruled. This appeal was taken from the order refusing to grant a new trial.

The first assignment is that the court erred in permitting the district attorney to change the information originally filed from murder in the first degree to murder in the second degree. It appears that on asking at the trial that the infor-

mation be changed the district attorney said to the court something to the effect that the number of challenges would thus be reduced. The appellant says that the reason assigned by the prosecuting attorney was unfair to the defendant in so reducing the number of challenges. However, the court understood the remarks as just drawing attention to the fact that the challenges would be less. The object of the district attorney was, as understood by the court, not merely to reduce the number of challenges. In any event, the right of the prosecuting attorney to reduce the crime was practically absolute, and no error was committed. Indeed, the defendant was benefited. This, without entering into the question, very important in these matters, of whether the defendant was deprived of any right to challenge.

The second assignment of error was directed to the fact that the court permitted a witness to testify to the battery without first having proved the *corpus delicti*. The order of the proof is within the sound discretion of the court, and no prejudice was shown.

In its instructions to the jury the court incidentally said that the defendant ought to await the continuance of the attacks of the deceased in order to be entitled to the right of self-defense. We have examined the instructions as a whole, and the error, if any, was harmless, especially in the absence of a complete record, to which we shall refer hereafter.

While Dr. Veve was testifying on behalf of the defendant he was asked by the district attorney whether the wound which the defendant had on his throat could have been self-inflicted. That the court permitted the question is assigned as error. The appellant is not mistaken when he maintains that experts in general should not be allowed to answer questions within the common knowledge of everybody. However, the question and the answer in this particular case were unimportant and it may be readily inferred that the jury did not receive, as maintained by appellant, any prejudice against the defendant by reason of the question and

answer. Neither the question nor the answer tended to prove that the wound was in fact self-inflicted.

As the *Fiscal* of this Court insists, we have before us an imperfect record. The statement of the case was prepared for the purposes of a new trial and evidently does not contain all the evidence. This would seriously affect some, if not all, of the errors assigned by the appellant.

The order should be affirmed.